Thank you, your honor. May it please the court, I'm Michael Peschetta. I'm appearing for Mr. Farmer in this case. Although, well, let me start by saying this is also an appeal from a denial of a 2241. And under this court's decision in Wilson v. Bilek, you are not bound by the AEDPA standards. Although, in this particular instance, I think we could satisfy them anyway under Fong, Fu, and Green v. United States and Harris v. Oklahoma. Although, I think this case is unique in Nevada because at least I am unaware, and I am aware of most of these cases, there is none in which a sentencer in a capital case has not found an alleged aggravating factor. And then in the subsequent prosecution, the state has tried to assert that aggravator again. What happened here is fairly simple. In the original sentencing proceeding in front of a three-judge panel, the state had filed a notice of intent alleging four major aggravating factors, some of which had various parts. One was that the defendant was under sentence of imprisonment. One was that there was depravity on a theory of mutilation. One was felony murder based on felony robbery and burglary. And one was prior felony murder. What was the second one that you mentioned? Depravity on a theory of mutilation. And the three-judge sentencing panel, consistent with the law at that time, found beyond a reasonable doubt and unanimously only the felony murder aggravating factors. Well, do we have anything from them at all on the other two? I couldn't find anything. They just sort of exist. Each one is a standalone factor. Any one of which would have been sufficient. Is that right? No, Your Honor. I mean, under the Nevada system, you need aggravating factors, statutory aggravating factors, one or more. And then in order to receive the death penalty, you have to have, there has to be showing that that aggravation is not outweighed by the aggravation. But my point is, all you need is one to get to that second part of the test. Yes. Yes, Your Honor. But that doesn't establish death. I understand that. But they're all standalone. And we have nothing indicating that the sentencing court acquitted on these two. You're asking for an implied. We are asking for an implied acquittal because we think that is the legal result of what the three-judge panel found. Because when we have elements of capital eligibility, which these aggravating factors are, and there is a sentencing hearing with respect to those factors, in which under State law they're required to be found beyond a reasonable doubt and unanimously, that is like a trial. And when you have a three-judge sentencing panel that is given four aggravating factors and they find two and they find one, and it's two felony murders, but it's one, it's considered one factor, that is not really relevant to this point. What you have is what I think you have whenever a jury or any kind of fact finder is given an array of things and said, find all the ones that apply, and they say, this one applies. But they weren't – pardon me. You slipped one in on us. They weren't told, find all that apply. They were told, you may find one that applies and that one may outweigh the mitigating circumstances. This is not an interrogatory to a jury where they find out each of the elements of a cause of action or of a crime. But under the Nevada system, Your Honor, respectfully, what either a jury is instructed or what a three-judge panel – three-judge sentencing panel under the old procedure did was it found the applicable aggravating circumstances, and then it had to weigh all of the mitigation against those aggravating circumstances. No, against one or more aggravating circumstances. They could find that the crime was committed with such depravity that it was by itself sufficient to outweigh all mitigating circumstances and not pay any attention to felony murders, prior convictions, or that it was done after you've been sent to prison. Your Honor, I think that puts – Or do you have a case that says differently? No, I don't. We don't, but there's no case that says that either, Your Honor, under Nevada law. What about Poland? I think that – I think Poland is different because it's a pre-ring case, and these are elements of capital eligibility. But I think the crucial thing is that that interpretation puts far too much weight on the language of the statute that says there has to be an aggravating circumstance or circumstances. I don't understand what that means, puts far too much weight. There it is. That's what it says. But – It's simply interpreting it. It's not putting any weight on it at all. It's simply reading it. But no Nevada court has ever – at least there is no decision that I am aware of in which a Nevada court has said the way you go through this process is you find an aggravating factor, and then you find the mitigation, and if you need more – if the mitigation outweighs that aggravation, then you should find another aggravating factor if you want to impose death. I think that puts the cart before the horse in the process because under this system, you find the aggravating factors that apply, then you look at the mitigation, and that's the balancing which says you're eligible for the death penalty or not. If the process were you pick what you want to impose, you decide you want to impose death for this, and then you find as many aggravating factors as is necessary to make up an overweight on the mitigation. Okay. Let me just ask this question. It may be a procedural question. You just told us that there's no Nevada case on this issue of whether a factor or  Well, has the State court held forth on this issue of whether or not Mr. Farmer is entitled to – or is eligible for another sentencing hearing? The Nevada Supreme Court's decision in this case denied the writ of – the pre-trial – the pre-hearing writ of mandamus on the ground that the three-judge panel applied – rejected the prior murder conviction aggravating factor due to a legal error. But it did not deny that the three-judge sentencing panel rejected that factor. Now – But doesn't that mean the court could easily have said, you know, they made a legal error, but nonetheless there was a decision. They did not find that aggravating factor, and therefore there's an implied acquittal of that aggravating factor, and for that reason the State court could have decided that double jeopardy prohibits resentencing of Farmer. But they didn't make that decision. They instead said there was a legal error or a legal misunderstanding that the sentencing panel was guilty of and remanded it for that reason. First of all, this is after – the decision that the Nevada Supreme Court made on this point was made after the death sentence was vacated because of the invalidation of the felony murder aggravating factor. When we moved to bar re-prosecution of the prior conviction aggravating circumstances, we went up on it, and the Nevada Supreme Court says it doesn't say, well, with all respect – Did you make that same argument to the Nevada court that you're making to us now? Yes, Your Honor. And they didn't buy it. They didn't buy it, but on a legally impermissible ground under Fong-Fu. They said that clearly the three-judge panel made a legal error about not applying this factor. And under Fong-Fu, why the sentencer, why the – whether it's a jury or a judge, no matter how legally erroneous that decision may be, no matter how factually wrong it may be, the point of the double jeopardy guarantee is you don't get another chance. Now, the way this got injected into the case was not from the three-judge panel. First of all, I'd like to emphasize there's no evidence whatsoever that the three-judge panel hung on any of these issues. So it's not Satizan, it's not Harris, it's Cholesky. Well, Christian, in recollection, did you move to set aside the death penalty on the basis of legal error? On the validity of the felony murder aggravating circumstances. So your motion to set it aside, right? Yes, Your Honor. It was a habeas petition. So why wouldn't that be an implied waiver of double jeopardy as to the other grounds which had not been explicitly found? Because that's the implied acquittal diaphragm of Green v. United States. When it's not found, there's nothing to appeal. It's not involved in the validity of the judgment. And so under Green, you don't have to suffer the penalty that's imposed as a price for litigating the double jeopardy issue. But let me just, if I may, let me just say where I think this confusion comes from. If you look at volume 3 of the EOR at pages 326 to 327, the prosecutor in the first sentencing hearing says, well, somebody else filed this notice of intent, and there are these four aggravating factors. And he says, in my opinion, several of these aggravating circumstances do not apply, at least in my opinion, and, of course, his honors can determine that for themselves. And let me stress, there's no evidence that this three-judge panel of sentencing judges in the original proceeding didn't make this decision by themselves. But the prosecutor then says, the undersentence of imprisonment doesn't apply here because he wasn't under sentence of imprisonment at the time of the murder. He says, I don't think that the mutilation applies because I'm cautious about it and I don't really know what constitutes mutilation, so I'm not urging that on you. He says, I'm not sure that this prior conviction factor applies either because well, they weren't, he didn't suffer these convictions before committing the capital offense which is currently at issue. So what I'm urging you to find is these felony murder aggravating circumstances and that's what the three-judge panel found. And I submit that that's, that can't be anything but an implied equivalent because they were, the State had a full and fair opportunity under the language of Arizona v. Washington, a full and fair opportunity to convince this panel to make these findings. They didn't try very hard on some. They probably could be considered to have waived. What he was doing was leading with Trump. He said, this is the strongest aggravating factor, that's the one I want you to consider. Don't consider the others because you don't have to. He didn't say, don't consider them, Your Honor. He said, Your Honors will make up that determination yourselves. So your position is that the government has now stopped from claiming that the Sentencing Commission did not consider the other aggravating factors because of the language used by the State's attorney in urging that they do consider the others, but not as importantly as felony murder. I don't think it's really a question of estoppel, but I think that is exactly what I'm saying, Your Honor. They had the opportunity to try to get this panel to find all four of these factors. However, they tactically decided to litigate that. They had a full and fair opportunity to ask that panel, find all four of these factors. They asked for what they wanted. When the panel decided for itself, we are going to find this one aggravating factor and not these others, at that point, I submit the analysis is done, and Harris v. Oklahoma and this Court's decision in Ficklin v. Hatcher prevents them from coming back in a new sentencing hearing and saying, wait a minute, you know, we submitted these factors to the previous sentencing panel, and now we want another one.  panel decided to help that panel, not to get another crack at them. Do you want to save some time for rebuttal? I was just going to say I have a little bit of time. May I? Please, Your Honor. May it please the Court and counsel, my name is Robert Wheeland. I'm a senior deputy attorney general employed by the Office of the Attorney General of the State of Nevada, and I have the privilege of representing the respondents in this case. There are a couple of comments I would like to make with respect to counsel's argument. First of all, counsel said that the sentencing panel rejected the aggravating circumstances. That's not correct. The Nevada Supreme Court, in deciding the petition that the petitioner submitted to it prior to his federal habeas action, said that Farmer's original penalty hearing did not result in an acquittal of the death penalty, and only due to a misconstruction of the law did the sentencing panel decline to consider the same prior violent felony aggravating circumstances upon which the State relies in pursuing the death penalty in the new hearing. And what was the misconstruction that the panel was guilty of? The misconstruction of whether or not those aggravating circumstances applied. The prosecutor said he didn't think they applied. It wasn't until the Nevada Supreme Court decided the Gallego case some years later that it was determined that those aggravators actually did apply. But the problem that I have with counsel's characterization of it is that they rejected it, as they actually considered it. And what he's suggesting, contrary to the case laws, that there's an insufficiency of the evidence with respect to those aggravators. That's not what happened in this particular case. And, indeed, if you look at the record, exhibits, the first exhibits that were presented at the evidentiary hearing, I believe they're Exhibits 1 through 6, have to do precisely with those convictions. They're the pre-sentence reports and the judgments. So there was, in fact, evidence presented supporting the aggravators. The panel, Mr. Pichetta would like for you to think that under Nevada law, the panel has to find every aggravator as an aggravator that's submitted to it. That's simply not the case. And the Nunnery case, which I submitted to this Court, shows that that's the case. That's what this is all about?  The Nunnery case? That's part of it, Your Honor. Does it matter that this misconstruction that the panel engaged in was arguably invited by counsel's suggestion that the panel might be on uneven footing where they could choose one of these other factors? Does it matter that that was essentially an invitation from the prosecutor? I don't think so. As Mr. Pichetta said, he's essentially arguing estoppel. But estoppel is a separate concept from double jeopardy. We're talking about whether or not there has been a failure of proof, whether or not there has been an acquittal. This case is more like the Poland case, Poland v. Arizona. There is no acquittal. Mr. Farmer was sentenced to death. And if you look at the circumstances surrounding the Poland case, the Supreme Court said that at no point in Mr. Farmer's case, well, to paraphrase and apply it to Mr. Farmer's case, there has been a failure, there has not been a failure to prove the State's case. Indeed, the State proved its case. It proved one aggravator, which is all that's required under Nevada law. And the ---- But didn't the State also introduce evidence on the other aggravators before the sentencing commission the first time around, such as prior convictions, the depravity of the crime, and the fact that it was committed after going to prison? The prosecutor stated that he was not going to ---- he didn't think, particularly with respect to the depravity of mine, he didn't want to touch that. So even though there could be evidence that was ---- might have shown that it was depraved or torture or mutilation, the prosecutor informed the Court that he wasn't ---- he wasn't going to avail himself of that, if you will. Well, how should we handle that? Well, I mean, if he doesn't think it's important enough to introduce evidence of it and to urge it, is it your position that he can pick and choose among the aggravators and just as long as he thinks that he's got one good aggravator, that's enough? That's correct, Your Honor. That's precisely correct. Further, in the Poland case, the Supreme Court said we reject the final premise of Petitioner's argument, namely, in a capital sentence there's failure to find a particular aggravating circumstance alleged by the prosecution always constitutes an acquittal of that circumstance for double jeopardy purposes. Bullington indicates that the proper inquiry is where the sentencing review court has decided that the prosecution has not proved its case, that the death penalty is appropriate. Well, even though there was one aggravator that was found by the panel, or excuse me, the two aggravators, that the murder was committed during the course of a robbery and that the murder was committed during the course of a burglary, they still found that the death penalty was appropriate. But Mr. Prasad has said that we should reconsider Poland as inapplicable now after Ring. What's your position on that? Well, Poland is still applicable for the simple reason that under Ring and in particular Apprendi, the guilty pleas or the judgments of conviction with respect to the guilty pleas still apply. You don't even have to. They're there. They don't have to be proven before a jury. That's what Ring and Apprendi is about. The guilty pleas are there. And there was, in fact, evidence with respect to the prior, excuse me, prior convictions I misspoke. The prior convictions that support the aggravating circumstances were introduced as evidence. And Ring, excuse me, Apprendi specifically excludes prior convictions from its calculus. But not prior depravity. That would have to be found after Apprendi by a jury, right? If it were an aggravating circumstance. We know depravity of mind now at least in this jurisdiction. In Apprendi, Poland was called out as a case that may not be good law any longer. Correct? I don't recall that, Your Honor. But I would say that Poland was cited with favor in the Sadezan case where there was a hung jury. The jury had made or the, excuse me, the sentencer had made no findings with respect to the existence of any or nonexistence for that matter of any particular aggravator. So I think actually there's a certain degree of apples and oranges there. We're talking double jeopardy and we're not talking about necessarily what has to be proven before a jury and what doesn't. What we're talking about here is whether or not there has been a finding that the evidence was insufficient. And that is not the case. The defendant in this particular case was, in fact, sentenced to death. There isn't any finding expressed or implied that with respect to the particular aggravators, the prior convictions, that there's been an insufficiency of proof with respect to those. Okay. Unless the Court has any other questions, these comments would respectfully submit that for the reasons expressed in our brief and the Federal district court, this Court should affirm the decision of the district court. Are you also? I do have one further question. If this Court were to affirm and then the case proceeds to a further sentencing hearing, the sentencing panel will need to decide whether one of these four factors is available. And let's suppose that it does. Won't the sentencing panel then still need to do the weighing analysis that would be called for by the statute? There is, yes. They're going to have to weigh whether or not the aggravators, whatever mitigators are available. Yes. But that's going to have to be done by a jury, right? I would expect they'll do it by a jury this time. Yeah, but not the sentencing panel. That's gone. Yes. Like high-button shoes. That's gone. I used to have some high-button shoes, Your Honor. Thank you very much. To try to answer a question that Judge Pallmeyer asked, they filed in order to start off this new penalty hearing, they didn't reallege the depravity factor. They did not reallege the under-sentence of imprisonment factor. Right. They did not reallege the felony murder factors. They only wanted to bring these up. The prior convictions. Right. And those are no different. A lot of what Mr. Whelan said, with respect, is completely wrong in arguing about whether or not there's a failure of proof or a legal error or whatever we want to call it. Double jeopardy applies no matter how wrong the decision is. It doesn't matter whether the jury or the judge at a bench trial ignores the evidence, says, you know, there's a mountain of evidence proving this fact, there are prior convictions that have been shown to me, and I'm still not going to find it. That acquittal isn't acquittal for double jeopardy purposes, no matter how wrong it may be. So the argument about failure of proof, that just fails. It doesn't matter how perverse a decision is in terms of rejecting a charge of offense, that invokes the double jeopardy clause regardless. And finally, I just emphasize that in the Nevada Supreme Court decision, there is no citation of anything on the record that this three-judge panel originally did not consider these factors. The trial prosecutor submitted them to the court for them to make up their minds about whether these applied or didn't. They found they didn't. That's the implied acquittal doctrine. And if you look at the State's argument on page 18 of the red brief, they argue, even assuming arguendo that a defendant could be sentenced to death but still acquitted of a specific aggravating circumstance, such an acquittal would require an explicit finding by the sentencer that the government failed to prove a specific aggravator beyond a reasonable doubt. So what counsel is asking you to do is to overrule Green v. United States and say there cannot be such a thing as an implied acquittal. This is an implied acquittal. Now, say that again. The counsel is asking us to overrule the Ring case? No. Green v. United States. Green. The implied acquittal case. Okay. I thought you said Ring. Their position is you can't have an implied acquittal without an express acquittal, because that's what we have here is we have an implied acquittal of the aggravating factors that were not found, and that under Green is as good as an express acquittal. All right. I thank you for your time. Thank you very much, Mr. Pichetta. And counsel, we thank you both for your illuminating arguments. And we will go on to the next case, which is.
judges: Pallmeyer, Trott, Bea